Filed 5/21/26  P. v. Alexander CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B347886 |
| Plaintiff and Respondent, | (Super. Ct. No. BA159821) |
| | (Los Angeles County) |
| v. | |
| DARRION LARRY ALEXANDER, | |
| Defendant and Appellant. | |

Darrion Larry Alexander appeals from the trial court's postjudgment order denying his motion to vacate judgment pursuant to Penal Code section 1473.7.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background*

In 1998, appellant was convicted by jury of robbery (§ 211, count 1) residential burglary (§ 459, count 3), and the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 4). The jury found true the allegation that appellant personally used a firearm in the commission of counts 1 and 3, and that a principal was armed with a firearm in all three counts. (§§ 12022.5, subd. (a), 12022, subd. (a)(1).) Appellant admitted a prior serious felony conviction allegation. (§§ 1170.12, subds. (a)-(d), 667, subds. (a)-(i).) The trial court sentenced appellant to a total term of 28 years four months in state prison.

In February 2025, appellant who is no longer in custody, filed a motion to vacate judgment pursuant to section 1473.7, subdivisions (a)(1) and (2) contending: Prejudicial error damaged his ability to meaningfully understand or defend against the charges, newly discovered evidence establishes that false/ misleading evidence was used to obtain his conviction, material exculpatory evidence was withheld in violation of due process, and the Department of Justice confirmed no valid warrant existed for his July 3, 1996 arrest.

In June 2025, after having "read and considered" appellant's motion and all the records and files in his case, the trial court denied the motion.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however,

entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id*. at p. 232.)

In his supplemental brief, appellant makes a number of contentions challenging the trial court's summary denial of his motion to vacate judgment. His principle contention is that the trial court's "failure to conduct an evidentiary hearing requires reversal."

But appellant's contention improperly conflates the principles for remand applicable to a reviewing court with the statutory requirements for a hearing applicable to a court considering his section 1473.7 motion in the first instance. (*Id.,* subd. (d).) To be sure, appellant identifies nothing in the statute or legislative history, evidencing a legislative intent to alter well-established authority governing appellate review. Further, he has not established prejudice.

In a detailed written ruling, the trial court expressly stated that it had "read and considered" the motion and all of the "records and files" in his case. After having done so, the trial court found that appellant failed to raise any claims relevant to an inquiry pursuant to section 1473.7, subdivisions (a)(1) or (a)(2). Instead, it concluded that the "instant motion is an attempt to relitigate previously ruled upon claims under the guise of an inapplicable statute." Significantly, the trial court found the claims raised in this case were repetitive, successive, piecemeal, and time barred. (See *In re Clark* (1993) 5 Cal.4th 750, 767-768.) Accordingly, remand would be an idle act.

Appellant's remaining claims of prejudicial error related to the trial court's denial of his motion, including concerns of bias under the Racial Justice Act, abuse of discretion, failure to

3

"review judicial errors" or grant judicial notice of the evidence presented, are without merit.

<em>Disposition</em>

The order denying appellant's section 1473.7 motion to vacate is affirmed.

NOT TO BE PUBLISHED.


                              YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

Charlaine F. Olmedo, Judge
Superior Court County of Los Angeles

_____

A.William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.